## W. H. FILLEY v. PATRICK SCOLLARD.

### FILED OCTOBER 4, 1893.   No. 4760.

**Conflicting Evidence:** REVIEW. The record presenting but a
question of fact to be reviewed upon conflicting evidence, the
judgment of the district court is affirmed.

ERROR from the district court of Dixon county.   Tried
below before NORRIS, J.

*Davis, Gantt & Keatley,* for plaintiff in error.

*Barnes & Eames, contra.*

RYAN, C.

This action was brought in the district court of Dixon
county by Patrick Scollard to recover the amount of a
promissory note made to him January 31, 1888, by G. W.
Cassell and W. H. Filley, due by its terms February 1,
1889, for $1,050.   The defendant Cassell answered, admit-
ting the execution of the note, but insisting that the time
of payment thereof had been, upon sufficient consideration,
extended one year from and after its maturity; and that the
note was usurious.   Upon this answer the court by its find-
ing sustained the claim of usury.   As to this finding no
question is presented in this court.   It will not therefore
be further considered.

The defendant Filley in his separate answer alleged that
he was but a surety on said note, as was well known to
plaintiff, and that upon a sufficient consideration, after the
maturity of said note, paid by the principal maker thereof
to the payee, the payee had agreed to an extension of the
time of payment for a year from the date of the maturity of
said note as fixed by its terms, without the consent or knowl-
edge of said surety, whereby said surety was discharged from

all liability thereon. Issue was duly joined upon the averments of the answers aforesaid, and upon a trial of said issues to the court a finding was made that no extension of time upon the note had been assented to, and judgment accordingly rendered against both defendants. This conclusion was reached upon conflicting evidence sufficient to sustain the finding of the trial court either way, and, as there is no other question than this presented by the record, the judgment is

AFFIRMED.

THE other commissioners concur.